UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------------- X

ARTURO CISNEROS, and MARUJA CUMBICOS,
on behalf of themselves and all others similarly
situated,

         Plaintiffs,

   -against-

DME JANITORIAL SERVICES LLC and MOTAZ
HAYEZ,

         Defendants.

---------------------------------------------------------------------- X

21 Civ. 05627(BRM)(ZNQ)

**AMENDED
COLLECTIVE AND
CLASS ACTION
COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs Arturo Cisneros and Maruja Cumbicos (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by their attorneys Pechman Law Group PLLC, complaining of defendants DME Janitorial Services LLC, and Motaz Hayez (collectively, "Defendants"), allege:

## NATURE OF THE ACTION

1.  During the COVID-19 pandemic, Arturo Cisneros and Maruja Cumbicos were hired by Defendants to work as cleaners at Wayfair warehouse and distribution centers in Cranbury, New Jersey and a facility operated by Global Industrial Services in Robbinsville Township, New Jersey. Although Plaintiffs regularly worked up to ninety hours per week, Defendants paid them at the same "straight time" hourly rate for all hours worked, and failed to pay Plaintiffs the statutorily required overtime wage rate of time and one-half for hours worked over forty per workweek.

2.  Plaintiffs bring this action on behalf of themselves and all similarly situated non-exempt cleaning workers to recover unpaid overtime wages, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs

pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. § 34:11 – 56(a) *et seq.* ("NJWHL").

## JURISDICTION

3.     This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

4.     Venue is proper in the District of New Jersey under 28 U.S.C. § 1391, because the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

**Plaintiff Arturo Cisneros**

5.     Arturo Cisneros ("Cisneros") resides in Mercer County, New Jersey.

6.     Cisneros worked as a cleaning worker for Defendants from approximately April 2020 to January 2021.

**Plaintiff Maruja Cumbicos**

7.     Maruja Cumbicos ("Cumbicos") resides in Mercer County, New Jersey.

8.     Cumbicos worked as a cleaning worker for Defendants from approximately March 2020 to January 2021.

**Defendant DME Janitorial Services LLC**

9.     Defendant DME Janitorial Services LLC ("DME Janitorial Services" or "DME") is a New Jersey corporation that provides corporate cleaning services.

10.    DME Janitorial Services is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

11.    DME Janitorial Services has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise

working on goods or materials that have been moved in or produced for interstate commerce by any person.

12.     In each of the three years preceding the filing of this Complaint, DME Janitorial Services' annual gross volume of sales exceeded $500,000.

13.     According to Plaintiffs' paychecks, DME Janitorial Services LLC is headquartered at 31 George Street, Trenton, New Jersey 08638.

14.     DME Janitorial Services entered into contracts to provide cleaning and decontamination services to various companies located in New Jersey, including Wayfair and Global Industrial Services.

15.     DME Janitorial Services provided cleaners at Wayfair warehouse and distribution centers including those located at 46 Station Road, Cranbury New Jersey; 48 Station Road, Cranbury New Jersey; and 18 Highstown-Cranbury Station Road, East Windsor New Jersey.

16.     DME Janitorial Services provided cleaners to a 500,000 square foot facility operated by Global Industries Services located at 24 Applegate Drive, Robbinsville Township, New Jersey.

**Defendant Motaz Hayez**

17.     Motaz Hayez is the owner and operator of DME Janitorial Services.

18.     Hayez has and exercises power over personnel decisions at DME Janitorial Services, including the hiring and firing of employees, the setting of their wages, and otherwise controlling the terms and conditions of their employment.

19.     Hayez is actively involved in managing the day-to-day operations of DME Janitorial Services.

20.     Hayez hired Plaintiffs and other cleaning workers at DME Janitorial Services, set their schedules and paid them their wages.

21.     Hayez increased Plaintiff Cisneros's hourly rate from $12 to $16 in approximately December 2020.

22.     Hayez set Plaintiffs' weekly schedules, often communicating directly with Plaintiffs via text message.

23.     For example, Hayez sent Plaintiff Cisneros a text message stating, "I'm giving you 40 hours overtime." However, Hayez never paid Cisneros overtime wages for hours worked over forty per workweek.

24.     Hayez kept track of Plaintiffs' hours worked.  For example, on September 20, 2020, Moyaz sent text messages to Plaintiff Cisneros stating his weekly hours and computed wages: "Monday 0 hours; Tuesday 5 hours; Wednesday 5 hours; Thursday 6 hours; Friday 10 hours; Saturday 17 hours; Sunday 9 hours;" "Total 53, 53 X 12, $636."

25.     Hayez delegated tasks and directed Plaintiffs in their work duties.  For example, on September 13, 2020, Hayez sent a text message to Plaintiff Cumbicos, stating "Vacuum" and sent a photo of an area of floor at the worksite.

26.     Hayez directed employees to work at various worksites.  For example, on June 20, 2020, Hayez sent Plaintiff Cumbicos a text message in Spanish that translated into English states,  "Good afternoon Maruja, remember that tomorrow you work at 7:00 a.m. at Global, NOT WAYFAIR.  Thank you."

27.     Hayez was regularly present at the worksites to supervise Plaintiffs and other employees' work.

28.     Plaintiffs were required to provide daily reports to Hayez about the progress of their work and often had to send him photographs of their work.  For example, at 4:09 a.m. on December 2, 2020, Hayez asked Plaintiff Cisneros via text message to send him pictures of the worksite.  Plaintiff Cisneros sent him 10 photos of DME employees in full protective suits and gas masks sanitizing the Wayfair cafeteria.

29.     Further, on November 2, 2020, Plaintiff Cisneros sent Hayez six photos of DME employees sanitizing Wayfair computer stations. On November 3, 2020, Plaintiff Cisneros sent five photos of the Wayfair cafeteria after it had been cleaned by DME employees and Hayez responded, "Beautiful thanks."

30.     Plaintiff Hayez regularly reprimanded Plaintiffs for not performing their work.  For example, on July 30, 2020, Hayez complained via text message to Plaintiff Cumbicos that she did not want to clean.

31.     Hayez provided cleaning materials and supplies to Plaintiffs, including Windex and Clorox bleach which Plaintiffs regularly used in performing their primary work duties for DME Janitorial Services.

32.     Hayez terminated the employment of Plaintiffs.

33.     Hayez exercised sufficient control over the operations of DME Janitorial Services to be considered Plaintiffs' employer under the FLSA and NJWHL.

## FACTUAL ALLEGATIONS

34.     As their primary work duties, Plaintiffs and other cleaning workers, wiped, mopped, swept, sanitized, and disinfected office spaces and other areas including, hallways, cafeterias, bathrooms, and parking lots.  Plaintiffs were essential workers during the pandemic, ensuring that the facilities that they cleaned were sanitized according to COVID-19 protocols and requirements.

35.     The cleaning workers, including Plaintiffs, at times wore face shields, disposable gowns, face masks, and other personal protective equipment (PPE) while completing their work duties at Wayfair and Global Industrial Services.

36.     The primary work performed by the cleaning workers, including Plaintiffs, which was cleaning and sanitizing corporate offices, cafeterias, and warehouses did not require special skills and was an integral part of DME's business.

37.     Plaintiffs and the cleaning workers handle goods and supplies that have traveled in interstate commerce.  For example, the cleaning supplies that Plaintiffs and other cleaning workers used to perform their primary work duties traveled in interstate commerce.

38.     Plaintiffs' income was derived primarily from their fixed hourly rates paid by Defendants.

**Arturo Cisneros Hours Worked and Wages Paid**

39.     From his first week of work in or around April 29, 2020 to May 3, 2020, Cisneros worked approximately thirty-two and a half hours, working five days per week from approximately 10:00 p.m. to 5:00 a.m. each day, with a thirty-minute break each day.

40.     From approximately May 4, 2020 to May 10, 2020, Cisneros worked approximately fifty-one hours, working seven days per week, Monday through Friday from approximately 10:00 p.m. to 5:00 a.m., with a thirty-minute break each day, and on Saturday and Sunday from 3:00 p.m. to 1:00 a.m., with a forty-five minute break.

41.     From approximately May 11, 2020 to May 17, 2020, Cisneros worked approximately sixty and a half hours, working seven days per week, Monday through Friday from approximately 10:00 p.m. to 5:00 a.m., with a thirty-minute break each day, and on Saturday and Sunday from 3:00 p.m. to 6:00 a.m., with a one-hour break.

42.     From approximately May 18, 2020 to May 24, 2020, Cisneros worked approximately sixty-five and a half hours, working seven days per week, Monday through Friday from approximately 10:00 p.m. to 6:00 a.m., with a thirty-minute break each day, and on Saturday and Sunday from 3:00 p.m. to 6:00 a.m., with a one-hour break.

43.     For the rest of May 2020 through August 2020, Cisneros regularly worked approximately eighty hours and thirty minutes to ninety hours and thirty minutes per workweek, working seven days per week, Monday through Friday from either

approximately 10:00 a.m. to 12:00 a.m., or 5:00 a.m. to 5:00 p.m., with a daily thirty-minute break, and on Saturday from 3:00 p.m. to 6:00 a.m., with a one-hour break, and Sunday from 3:00 p.m. to 1:00 a.m., with a one-hour break.

44.     From approximately September 2020 to January 2021, Cisneros regularly worked approximately one-hundred eleven hours and thirty minutes per workweek, working seven days per week, Monday through Friday from approximately 10:00 a.m. to 4:00 a.m., with three thirty-minute breaks per shift, on Saturday from 3:00 p.m. to 6:00 a.m. with a one-hour break, and Sunday from 3:00 p.m. to 1:00 a.m., with a one-hour break.

45.     From approximately April 2020 through November 2020, Defendants paid Cisneros $12.00 per hour worked, including for hours worked over forty per workweek.

46.     From approximately December 2020 through the end of his employment in January 2021, Defendants paid Cisneros $16.00 per hour worked, including for hours worked over forty per workweek.

**Maruja Cumbicos' Hours Worked and Wages Paid**

47.     Throughout her employment, Maruja Cumbicos regularly worked five days per week, for approximately seventy hours per workweek.  She worked at the Wayfair worksites from 4:00 a.m. to 9:00 a.m., and then worked at the Global Industrial Services facility from 12:00 p.m. to 9:00 p.m. for approximately fourteen hours per day.

48.     Throughout her employment, Defendants paid Cumbicos $12.00 per hour worked, including for hours worked over forty per workweek.

## COLLECTIVE ACTION ALLEGATIONS

49.     Plaintiffs bring this action on behalf of themselves and all similarly situated persons who have worked as Cleaning Workers (*i.e.*, non-exempt cleaning workers) for

DME Janitorial Services within the three years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective").

50.     The FLSA Collective consists of approximately fifty-five Cleaning Workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

51.     Throughout Plaintiffs' employment, Plaintiffs and the FLSA Collective have had work schedules consisting of over forty hours per workweek, have performed virtually the same cleaning duties, and have been subjected to Defendants' common pay policies depriving them of overtime wages at the rate of one and one-half times their regular hourly wage rates for all hours worked in excess of forty per workweek.

52.     Defendants are aware or should have been aware that the FLSA required them to pay Cleaning Workers an overtime premium for hours worked in excess of forty per workweek.

53.     Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiffs and the FLSA Collective.

54.     The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  All similarly situated Cleaning Workers can be readily identified and located through Defendants' records.  The similarly situated Cleaning Workers should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

55.     The claims in this Complaint arising out of the NJWHL are brought by Plaintiffs under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and a class consisting of all similarly situated non-exempt employees ("Cleaning

Workers), who work or have worked for DME Janitorial Services within the last six years (the "Rule 23 Class").

56.    The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

57.    The size of the Rule 23 Class is at least seventy-five individuals, although the precise number of such employees is unknown.  Facts supporting the calculation of that number are presently within the sole control of Defendants.

58.    Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

59.    Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually including, *inter alia*, the following:

    a.   Whether the NJWHL, and the supporting regulations were violated by Defendants' acts as alleged herein;

    b.   Whether Defendants failed to pay overtime wages to Plaintiffs and other Rule 23 Class members for time worked in excess of 40 hours in a workweek, as required by the NJWHL; and

    c.   Whether Plaintiffs and the Rule 23 Class have sustained damages and, if so, the proper measure of such damages.

60.    Plaintiffs' claims are typical of the claims of the Rule 23 Class they seek to represent.  Plaintiffs and the members of the Rule 23 Class work or have worked for Defendants at various times within the applicable six-year statutory period.  They enjoy the same statutory rights under the NJWHL to be paid at the overtime rate for all hours worked over forty in a workweek.  Plaintiffs and the members of the Rule 23 Class have

sustained similar types of damages as a result of Defendants' failure to comply with the NJWHL.

61.     Plaintiffs and the Rule 23 Class have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

62.     Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

63.     Plaintiffs have retained legal counsel competent and experienced in wage and hour litigation and class action litigation.

64.     There is no conflict between Plaintiffs and the Rule 23 Class members.

65.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

66.     This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**FIRST CLAIM**
**(New Jersey Wage and Hour Law – Unpaid Overtime Wages)**

67.     Plaintiffs and the Rule 23 Class repeat and reallege all foregoing paragraphs as if fully set forth herein.

68.     Under the NJWHL, Defendants were required to pay Plaintiffs and the Rule 23 Class one and one-half (1½) times their regular rates of pay for all hours they worked in excess of 40 hours in a workweek.

69.     Plaintiffs and the Rule 23 Class regularly worked more than 40 hours per week.

70.     Defendants have failed to pay Plaintiffs and the Rule 23 Class members the overtime wages to which they were entitled under the NJWHL.

71.     Defendants' violation of the wage payment requirements of the NJWHL was part of their regular business practice and constituted a pattern, practice, and/or policy.

72.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the NJWHL with respect to the compensation of Plaintiffs and the Rule 23 Class.

73.     Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay Plaintiffs and the Rule 23 Class members overtime wages.

74.     Due to Defendants' willful violations of the NJWHL, Plaintiffs and the Rule 23 Class Members are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**SECOND CLAIM**
**(Fair Labor Standards Act – Unpaid Overtime)**

75.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

76.     Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and the FLSA Collective overtime wages at the rate of one and one-half their regular hourly wage rates, which cannot be less than the applicable minimum wage rate, per hour worked in excess of forty per workweek.

77.     Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiffs and the FLSA Collective.

78.     Plaintiff and the FLSA Collective are engaged in commerce or in the production of goods for commerce, and perform work involving or relate to interstate commerce.

79.     Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiffs' and the FLSA Collective's compensation.

80.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

81.     Due to Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Collective, and the Rule 23 Class, respectfully request that this Court:

      a.      certify this case as a class action pursuant to Rule 23 for the class of employees described herein, certification of Plaintiffs as the class representatives, and designation of Plaintiffs' counsel as Class Counsel;

      b.      designate this action as a collective action on behalf of the FLSA Collective and authorize the prompt issuance a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

      c.      declare that Defendants have violated the overtime wage provisions of the FLSA and the NJWHL;

      d.      declare that Defendants' violations of the FLSA and NJWHL were willful;

      e.      award Plaintiffs, the FLSA Collective, and the Rule 23 Class unpaid overtime wages;

      f.      award Plaintiffs, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and the NJWHL;

      g.      award Plaintiffs and the Rule 23 Class pre- and post-judgment interest under the NJWHL;

      h.      award Plaintiffs, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs of the action pursuant to the FLSA and the NJWHL; and

      i.      award such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

a trial by jury in this action.

Dated:  New York, New York
        July 23, 2021

PECHMAN LAW GROUP PLLC

By:  *s/Louis Pechman*
        Louis Pechman
        Vivianna Morales
        Pechman Law Group PLLC
        488 Madison Avenue, 17th Floor
        New York, New York 10022
        Tel.: (212) 583-9500
        pechman@pechmanlaw.com
        morales@pechmanlaw.com

        *Attorneys for Plaintiffs, the*
        *Putative FLSA Collective, and Putative*
        *Rule 23 Class*