# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

ARTURO CISNEROS and MARUJA CUMBICOS, Individually and on Behalf of All Others Similarly Situated,

           Plaintiffs,

-against-

DME JANITORIAL SERVICES LLC, and MOTAZ HAYEZ

           Defendants.

21 Civ. 05627 (LHG)

**JOINT MOTION FOR APPROVAL OF THE SETTLEMENT AGREEMENT**

## I. INTRODUCTION

Plaintiffs, Arturo Cisneros and Maruja Cumbicos, and the Defendants, DME Janitorial Services LLC and Motaz Hayez, in the above captioned matter jointly move for an order granting approval of the Parties' settlement agreement and release of claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.* ("NJWHL").

The terms of the Settlement Agreement for Plaintiffs' claims were agreed to after discovery and discussions between the parties, and attending a settlement conference with Magistrate Judge Lois H. Goodman on July 21, 2022. Therefore, the parties hereby request an Order approving the Settlement Agreement between the parties as the settlement is fair, reasonable, adequate, and in the best interests of the parties.

## II. PROCEDURAL BACKGROUND

Plaintiffs alleged that they were former cleaning workers employed by Defendants during the Covid-19 pandemic to clean office buildings. Specifically, Plaintiffs alleged that throughout their employment they consistently worked hours in excess of forty per workweek but were unlawfully paid the same hourly rate for all

hours and thus denied overtime pay of a rate of 1.5 times their regular hourly rates, in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiffs sought to recover their unpaid overtime and liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

Plaintiffs filed a Second Amended Complaint on July 23, 2021 removing EH Flooring Services LLC as a defendant. Defendants filed their Answer (ECF No. 17) on September 13, 2021, generally denying the allegations in the Amended Complaint and asserting various defenses. The Court held an initial conference in this matter on February 10, 2022, and ordered the parties to engage in discovery necessary to facilitate the settlement process.

Thereafter, the Parties engaged in extensive arms-length negotiations for several weeks before agreeing to participate in a settlement conference before the Hon. Lois H. Goodman on July 21, 2022. As a result of the settlement conference, the Parties reached an agreement to resolve Plaintiffs' claims for the total sum of $20,000.00. The Parties now jointly request that the Court approve their Agreement as a fair and reasonable resolution of a bona fide FLSA dispute.

III. **SUMMARY OF SETTLEMENT AGREEMENT**

The terms of the Settlement Agreement were negotiated by experienced counsel who fully recognized the risks of litigation and the benefits of settling this case. The parties' counsel represent that they have conducted a thorough investigation into the facts of this case, including reviewing Plaintiffs' payroll records and conducting a thorough damages analysis.

Plaintiffs' counsel calculated Plaintiffs' damages for settlement purposes based largely on Defendants' payroll records with reference to Plaintiffs' recollection of hours when records were not available. Plaintiffs' total alleged damages were $14,825.55 in

2

alleged unpaid overtime wages plus an additional amount in treble liquidated damages for a total of $43,276.65. Throughout this litigation, Defendants have strenuously contested Plaintiffs' allegations with respect to wages paid, contending that Plaintiffs were properly paid for all hours worked. *See Bredbenner v. Liberty Travel, Inc.*, No. CIV.A. 09-1248 MF, 2011 WL 1344745, at *18 (D.N.J. Apr. 8, 2011) (quoting *Hohnke v. United States*, 69 Fed. Cl. 170, 175 (Fed. Cl. 2005)) ("A disagreement[ ] over 'hours worked or compensation due' clearly establishes a bona fide dispute.")

Based on their own independent investigation and evaluation, counsel for the parties are of the opinion that the Settlement Agreement is fair, reasonable and adequate, and in the best interest of the parties in light of all known facts and circumstances. The Plaintiff and representatives of Defendants were directly involved in negotiating the terms of the Settlement Agreement and fully endorse the approval of this agreement by this Court.

The Parties' Agreement requires Defendants to pay the total sum of $20,000.00 in two installments to resolve this Action, without any admission of liability. Ex. 1 at § 7. After accounting for attorneys' fees and costs, Plaintiffs will receive $13,066.67, *id*. at § 7, equivalent to approximately 88% of their unpaid overtime wages as calculated based on Plaintiffs' allegations regarding hours worked.

The Parties' Agreement permits Plaintiffs to avoid serious risks attendant with continued litigation. Plaintiffs' ability to prove hours worked at trial to establish liability on their wage claims will rest largely on their own testimony, which the trier-of-fact will weigh for credibility. Defendants have also produced only partial records of wages paid and there are no time records for Plaintiffs. Accordingly, both sides would have to seek other sources to establish Plaintiffs' actual hours worked and wages paid. Accordingly, a bona fide dispute exists as to wages and hours worked. See *Ortiz v.*

3

*Freight Rite, Inc.*, No. 21 Civ. 1060, 2021 WL 5988582, at *3 (M.D. Pa. Dec. 17, 2021) ("A *bona fide* dispute exists when parties genuinely disagree about the merits of an FLSA claim—when there is factual rather than legal doubt about whether the plaintiff would succeed at trial") (citing *Lynn's Food Stores*, 679 F.2d at 1354).

Success at trial will also revolve around Plaintiffs' ability to establish their status as employees and not independent contractors which Defendants raised as a defense in their Motion to Dismiss Plaintiffs' Complaint. *See* ECF No. 10-1 at p. 13-15. In this regard, Defendants alleged that Plaintiffs were hired as on as-needed basis to perform cleaning services at various facilities throughout the State of New Jersey, and that "at the time of hire, there existed a mutual understanding between [DME Janitorial LLC] and the named plaintiffs that such plaintiffs were hired to work as independent contractors and would be compensated on a per-day basis. *Id*. at 14. Plaintiffs' entitlement to recovery would be nothing if they failed to establish that they were employees.

The Agreement also considers Defendants' current financial struggles that would cause serious difficulties in Plaintiffs' attempts to enforce a judgment for the full damages claimed were they to prevail entirely at trial. Absent the Agreement, the Parties would have to proceed through costly depositions in both the action, draining limited resources that Defendants have agreed to put towards the resolution of this matter. Plaintiffs would not see recovery in this case until after depositions, the resolution of any dispositive motions, a trial, and appeals—and then only if they were to prevail at trial and on appeal. Under the Agreement, Plaintiffs will see swift recovery. Defendants will pay the settlement payment in two installment payments, in September and October 2022. Ex. 1 at ¶ 7. Further, the majority of the settlement payment would be made in the first installment. *Id*. Plaintiffs are further protected by

the requirement that individual defendant Motaz Hayez execute a Confession of Judgment, which Plaintiffs may file in the event of an uncured default on payments by Defendants, *id.*, and by Defendants' agreement to a $10,000.00 penalty in the event of an uncured default, *see id.*

In light of the above, the Parties respectfully request that the Court find that their Agreement is a fair and reasonable compromise of a bona fide FLSA dispute.

## IV. THE ALLOCATION OF ATTORNEYS' FEES AND COSTS IS REASONABLE

Pursuant to the FLSA, "the Court shall 'in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.'" *Beauregard v. Hunter*, No. 03:16-CV-05689-LHG, 2019 WL 9355826, at *9 (D.N.J. Sept. 27, 2019) (citing to 29 U.S.C. § 216(b)). Judicial approval of attorneys' fees is necessary in FLSA cases "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Id*. (citations omitted).

Pechman Law Group PLLC ("PLG") has spent significant time investigating the factual and legal issues raised in this action, investigating the various corporate entities involved, engaging in attempts at prelitigation negotiations, preparing plaintiffs' Complaint and Amended Complaint, reviewing discovery productions, drafting damage calculations, and preparing for and engaging in mediation efforts. PLG has used its experience in litigating wage-and-hour disputes to provide a favorable result for plaintiffs. In accordance with plaintiffs' retainer agreements, attorneys' fees in this case are $6,533.00, *see* Ex. 1 at § 7, equivalent to one-third of the total recovery after reimbursement of costs. Costs total the $400.00 filing fee.

The contingency fee in this case should be approved because it is the fee Plaintiffs agreed on in their retainer agreements. PLG's lodestar of $24,000.00 to date in

5

this matter is significantly more than the contingency fee. As such, the contingency fee in this case is fair and reasonable, and should be approved.

V. **CONCLUSION**

The Parties agree that the Agreement is fair and reasonable and should be approved by the Court. This settlement will enable the Parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses in further litigation. Continuing through pending discovery and trial would consume significant amounts of time and resources and demand substantial judicial resources. A trial would be costly for all Parties and could lead to the depletion of the resources used to resolve this matter. The Parties therefore respectfully request that Court approve their Agreement. A proposed stipulation and order of dismissal executed by the Parties is attached as Exhibit B to Ex. 1.

Dated: New York, New York
      October 14, 2022

PECHMAN LAW GROUP PLLC

By: s/Vivianna Morales_____
Vivianna Morales, Esq.
Louis Pechman, Esq.
488 Madison Avenue, 17th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
morales@pechmanlaw.com
*Attorneys for Plaintiffs*